IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DENNIS RUSSELL HOOPER,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 1:12-cv-00297-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge

    This matter comes before the court on plaintiff's motion for simultaneous entry of default and for default judgment (#12). For the reason set forth below, plaintiff's motion should be denied.

### BACKGROUND

    Plaintiff Dennis Russell Hooper ("Hooper") initiated this action by filing a Complaint (#1) on February 21, 2012, asserting a single claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* He asserts that his medical records were released to nonmedical personnel without his authorization in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 551 *et seq.*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 29 U.S.C. § 1181 *et seq.*, and the Veteran's Health Administration Handbook 1605-

1 (16-05). Hooper does not bring any claims directly under the HIPAA or the FOIA, but rather appears to be using the alleged HIPAA and FOIA violations as a factual predicate for negligence and invasion of privacy claims[1] under the FTCA.

Hooper's Complaint contains limited factual allegations. Hooper alleges that an unnamed employee of the United States Department of Veteran's Affairs ("the VA") stationed at the VA facility in White City, Oregon, improperly disclosed his personal and medical information from his "VA file" to a police officer via telephone during the course of a routine traffic stop without a warrant or subpoena and not for a legitimate governmental reason. He further alleges that this information was "misinterpreted and abused" by the police officer, as a result of which he was issued a traffic citation and his vehicle was impounded. Hooper asserts he incurred damages in the form of court fines and costs, towing and impound fees, and damage to his vehicle. He seeks a monetary judgment in the amount of $9,000.00 and an order enjoining the VA from further disseminating his personal medical information. He alleges has satisfied the FTCA's administrative exhaustion requirement by timely filing an administrative tort claim, which was denied by the Veteran's Administration on August 24, 2011. On April 6, 2011, the court granted (#6) plaintiff's application to proceed *in forma pauperis* (#1).

//

---

[1] In enacting HIPAA, Congress mandated the establishment of national standards for protection of the privacy of individually identifiable health and medical information. Consistent with this statutory mandate, the Department of Health and Human Services (HHS) promulgated rules and regulations governing the release and transmittal of "individually identifiable health information" by health care providers. *See* 45 C.F.R. §§ 160.101 *et seq.* Under the terms of HIPAA, "[a] covered entity may not use or disclose protected health information, except as permitted or required by [specific provisions of HIPAA]." 45 C.F.R. § 164.502(a). There is no private right of action under HIPAA. U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009). The FOIA requires federal agencies to make a broad range of information available to the public, 5 U.S.C. § 552(a), but provides that agencies may withhold documents if they fall into one of nine exemptions, 5 U.S.C. §§ 552(b)(1)-(9), 552(d). "[P]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" may properly be withheld under Exemption 6. 5 U.S.C.A. § 552(b)(6).

## DISCUSSION

**I.  Default Judgment**

To the extent that plaintiff moves for default judgment, the motion is procedurally improper and must be denied. Federal Rule of Civil Procedure ("Rule") 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> "**(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> **(b) Entering a Default Judgment**.
>
>> **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>>
>> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment...."

FED. R. CIV. P. 55(a)-(b).

As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See* Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord* Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also* Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D.Cal. Dec.14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08–cv–01693–OWW–SKO, 2010 WL 2898996, at *1 (E.D.Cal. July 22, 2010)

(unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) (denying motion for entry of default as improper where the plaintiff did not first obtain entry of default by the clerk of the court), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534 U.S. 1083, 122 S.Ct. 818 (2002).

Here, plaintiff has not yet requested or obtained entry of default from the Clerk of Court. Accordingly, to the extent that plaintiff moves for default judgment, the motion is not properly before the court and must be denied.

## II. Entry of Default

Plaintiff seeks entry of default as well as default judgment. He asserts that entry of default is proper because defendant was served on April 17, 2011, and has failed to plead or otherwise defend this action. (Mot. Default J. & Mem. Supp., Dckt. # 12, pp. 1).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). For entry of default to be proper under Rule 55, the moving party has the burden of showing that: (1) the party against whom default is sought has been properly served; (2) the Court has proper subject matter jurisdiction; and (3) the defaulting party has failed to plead or otherwise defend. See id.

Entry of default is improper here because plaintiff has failed to establish that defendant was properly served. Under Rule 4(i)(1), a party bringing an action against the United States must "deliver a copy of the summons and of the complaint" to both the United States Attorney for the district where the action is brought and the United States Attorney General. FED. R. CIV.

P. 4(i)(1)(A)-(B). Where the plaintiff attacks "the validity of an order of an officer or agency of the United States not made a party" to the action, the plaintiff must also send a copy of the summons and of the complaint by registered or certified mail to the officer or agency. FED. R. CIV. P. 4(i)(C).

Pursuant to the court's order (#6) granting plaintiff's motion to proceed *in forma pauperis*, plaintiff submitted to the Clerk's Office an original completed summons and two copies of the same, a copy of the complaint, and a completed USM285 form. The summons is addressed to the United States Attorney General. The Clerk's Office issued summons and forwarded the papers received from plaintiff to the United States Marshals for service of process. The certificate of service (#9) shows that the summons and Complaint were sent by certified mail to the United States Attorney General pursuant to Rule 4(i)(1)(B). However, there is no indication that plaintiff submitted or that summons issued for the United States Attorney for the District of Oregon or the Veteran's Administration, nor is there any evidence that summons and the Complaint were served on either the United States Attorney for the District of Oregon as required by Rule 4(i)(1)(B) or the Veteran's Administration as required by Rule 4(i)(1)(C). Accordingly, the United States has not been properly served.

Because the United States has not been properly served, entry of default under Rule 55 is improper. Therefore, to the extent that plaintiff moves for default judgment, the motion must be denied.

### III. Curing Defective Service – merits

Less than 120 days have passed since plaintiff filed this action, therefore, the defect in service can permissibly be cured. FED. R. CIV. P. 4(m). Accordingly, Hooper may cure the defect in service. To do so, Hooper must submit, for both United States Attorney for the District

of Oregon or the Veteran's Administration: (1) an original completed summons and two copies of the same, (2) a copy of the complaint, and (3) a completed USM285 form. Upon receipt, the Clerk shall issue summons and forwarded the papers received from plaintiff to the United States Marshals for service of process.

## RECOMMENDATION

For the reasons stated above, plaintiff's motion for entry of default and default judgment (#12) should be DENIED. Plaintiff should be granted 30 days from the date the final order is entered to submit the documents necessary to cure the defect in service.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by August 6, 2012. If objections are filed, any response to the objections is due by August 23, 2012.*** See FED. R. CIV. P. 72, 6.

DATED this 19 day of July, 2012.

MARK D. CLARKE
United States Magistrate Judge